IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IDS PROPERTY CASUALTY :
INSURANCE CO. :
        *Plaintiff* :
 :     No. 2:13-cv-06039-ER
    v. :
 :
MICHAEL SCHONEWOLF, JR., ET AL. :
        *Defendant* :

**DEFENDANT MICHAEL SCHONEWOLF, JR.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant, Michael Schonewolf, Jr. ("Schonewolf"), by his attorneys High Swartz LLP

answers Plaintiff's Complaint as follows:

1. Admitted upon information and belief.

2. Admitted.

3. After reasonable investigation, Schonewolf lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of this paragraph.

4. After reasonable investigation, Schonewolf lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of this paragraph.

5. After reasonable investigation, Schonewolf lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of this paragraph.

6. After reasonable investigation, Schonewolf lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of this paragraph.

7. After reasonable investigation, Schonewolf lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of this paragraph.

8. After reasonable investigation, Schonewolf lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9. After reasonable investigation, Schonewolf lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. After reasonable investigation, Schonewolf lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11. After reasonable investigation, Schonewolf lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12. Admitted in part; denied in part. It is admitted only that this is a declaratory judgment action. The remaining allegations of this paragraph are denied.

13. Denied as a legal conclusion to which no response is required.

14. Denied as a legal conclusion to which no response is required.

15. Admitted in part; denied in part. It is admitted that John J. Sweeney filed a civil action in the Philadelphia Court of Common Pleas against Michael Schonewolf, Jr. The correct docket number is 130703834. The complaint in the lawsuit is a written document which speaks for itself and any characterization or summary is denied.

16. Admitted in part; denied in part. It is admitted only that the complaint makes the allegations cited. The complaint in the lawsuit is a written document which speaks for itself and any characterization or summary is denied.

17. Admitted.

18. Admitted in part; denied in part. It is admitted that the policy contains the language cited. The policy is a written document which speaks for itself and any characterization or summary is denied.

19.     Admitted in part; denied in part.  It is admitted that the policy contains the language cited.  The policy is a written document which speaks for itself and any characterization or summary is denied.

20.     Admitted in part; denied in part.  It is admitted that the policy contains the language cited.  The policy is a written document which speaks for itself and any characterization or summary is denied.

21.     Admitted.

22.     Admitted.

23.     Denied as a legal conclusion to which no response is required.

24.     Denied as a legal conclusion to which no response is required.

25.     Admitted in part; denied in part.  It is admitted only that IDS requests a declaration from the court that it does not owe Schonewolf coverage under the policy.  It is denied that IDS does not owe Schonewolf coverage under the policy.

26.     Admitted in part; denied in part.  It is admitted only that IDS requests a declaration from the court that it does not owe Schonewolf a duty to defend or a duty to indemnify.  It is denied that IDS does not owe Schonewolf a duty to defend or a duty to indemnify.

## COUNT I

27.     Schonewolf incorporates the preceding paragraphs as if set forth at length.

28.     Denied as a legal conclusion to which no response is required.

29.     Denied as a legal conclusion to which no response is required.

30.     Denied as a legal conclusion to which no response is required.

31.     Denied as a legal conclusion to which no response is required.

3

32.     Denied as a legal conclusion to which no response is required.

33.     Denied as a legal conclusion to which no response is required.

**WHEREFORE**, Defendant Michael Schonewolf, Jr. respectfully requests that this Honorable Court enter judgment in his favor and against IDS Property Casualty Insurance Company as follows:

a.     Declaring that IDS owes Michael Schonewolf, Jr. coverage under the policy for the lawsuit;

b.     Declaring that IDS owes Michael Schonewolf, Jr. a duty to defend and a duty to indemnify for the lawsuit;

a.     Granting judgment in favor of Michael Schonewolf, Jr. against Plaintiff;

c.     Awarding Michael Schonewolf, Jr. costs, fees, and other relief that the court deems just and/or equitable.

34.     Schonewolf incorporates the preceding paragraphs as if set forth at length.

35.     Denied as a legal conclusion to which no response is required.

36.     Denied as a legal conclusion to which no response is required.

37.     Denied as a legal conclusion to which no response is required.

38.     Denied as a legal conclusion to which no response is required.

39.     Denied as a legal conclusion to which no response is required.

40.     Denied as a legal conclusion to which no response is required.

**WHEREFORE,** Defendant Michael Schonewolf, Jr. respectfully requests that this Honorable Court enter judgment in his favor and against IDS Property Casualty Insurance Company as follows:

a.  Declaring that IDS owes Michael Schonewolf, Jr. coverage under the policy for the lawsuit;

b.  Declaring that IDS owes Michael Schonewolf, Jr. a duty to defend and a duty to indemnify for the lawsuit;

c.  Granting judgment in favor of Michael Schonewolf, Jr. against Plaintiff;

d.  Awarding Michael Schonewolf, Jr. costs, fees, and other relief that the court deems just and/or equitable.

## AFFIRMATIVE DEFENSES

1.  Plaintiff's Declaratory Judgment complaint fails to state a claim upon which relief can be granted.

2.  Plaintiff's Declaratory Judgment complaint is barred by the applicable statute of limitations.

HIGH SWARTZ  LLP


By:_____/s/Kevin Cornish_____
        Kevin Cornish, Esquire (#206698)
        kcornish@highswartz.com
        40 East Airy Street
        Norristown, PA 19404
        610-275-0700
        610-275-5290 (fax)
        Counsel for Defendant
        Michael Schonewolf, Jr.

Date: November 18, 2013

5