IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 13-6039 |
| DAN LAGRECA, | : | |
| Defendant. | : | |

MCHUGH, J.                                                                                                               MARCH 10, 2017

### MEMORANDUM

This is an insurance coverage case in three acts:  1) Dan Lagreca was sued in state court for physically attacking someone after a concert; 2) Allstate Insurance Company, the homeowner's carrier for Lagreca's parents' home, filed this action seeking a declaration that it did not have to defend or indemnify Lagreca in the state-court suit; and 3) Lagreca counterclaimed against Allstate for bad faith and breach of contract.  Allstate both defended and settled the underlying case, and now moves for summary judgment on both counterclaims, while Lagreca cross-moves for leave to conduct discovery.  Because I find that this is the rare case where, even with discovery, Lagreca's claims would fail as a matter of law, I will deny his motion and enter judgment for Allstate.

### I.      Background[1]

Lagreca was sued in state court for "violently beat[ing] and kick[ing]" a concertgoer in the parking lot after the show.  The complaint artfully crafted a claim for negligence, alleging that Lagreca carelessly drank himself into a state of incoherence that would foreseeably result in violent behavior.  When Lagreca sought coverage for his defense from his parents' homeowner's

---

[1] For more detail, see my earlier opinion at *IDS Property Casualty Insurance Co. v. Schonewolf*, 111 F. Supp. 3d 618, 620–22 (E.D. Pa. 2015).

1

insurance policy, Allstate denied his claim. Allstate then filed this action, seeking a declaratory judgment that it had no duty to defend or indemnify Lagreca because the policy limits coverage to damages caused by "accident[s]," and excludes those flowing from "intentional or criminal acts"—even if the insured "lack[ed] the mental capacity to govern his . . . own conduct."

I denied Allstate's subsequent motion for judgment on the pleadings, and so required it to defend Lagreca. Although the issue was extraordinarily close, I bound Allstate to its policy because I could not determine at that early stage (1) whether Lagreca's acts were intentional (because of the extreme degree of intoxication); or (2) whether Lagreca's acts were criminal (because that required a finding of *mens rea*). Allstate ultimately paid not only for Lagreca's defense, but also the settlement of the case against him.

Before I ruled on Allstate's obligation to provide a defense, Lagreca counterclaimed for its denial of his claim—specifically, for bad faith under 42 Pa. Cons. Stat. § 8371 and breach of contract. Following letter briefing, I denied Lagreca's request for discovery (Dkt. 92). Allstate now moves for summary judgment on both counterclaims.

**II.**   **Standard of Review**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Generally, "[i]f discovery is incomplete, a district court is rarely justified in granting summary judgment," *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015), "particularly . . . where there are discovery requests outstanding or relevant facts are under the control of the

moving party," *Murphy v. Millennium Radio Grp., LLC*, 650 F.3d 295, 310 (3d Cir. 2011). Nevertheless, a court may grant summary judgment without discovery if the outstanding discovery requests "pertain[] to facts that are not material to the moving party's entitlement to judgment as a matter of law," *Shelton*, 775 F.3d at 568, and if "[a]ny additional facts gleaned in discovery would not . . . change[] the District Court's analysis or its ultimate conclusion," *Roberts v. Fleet Bank (R.I.)*, 342 F.3d 260, 271 (3d Cir. 2003), *as amended* (Oct. 21, 2003) (affirming a simultaneous grant of summary judgment and denial of additional discovery).

### III. Discussion

#### A. Bad Faith

Allstate argues that Lagreca's bad faith claim fails because Allstate had a reasonable basis for seeking a ruling that it had no obligation to defend and indemnify him. I agree with Allstate's conclusion, but for slightly different reasons.

To recover for bad faith under Pennsylvania law, a plaintiff "must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 522 (3d Cir. 2012) (quoting *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006)). "[A]n insurer does not act in bad faith by investigating and litigating legitimate issues of coverage." *Id.* at 523.

The gist of Allstate's argument is that an insurer does not act in bad faith if it relies on a reasonable interpretation of unsettled case law, *see, e.g.*, *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 689–90 (Pa. Super. Ct. 1994), and there were (at least) three decisions at the time Allstate filed this action that had held that the same or similar policy language excluded coverage for acts like Lagreca's, *see Allstate Ins. Co. v. Wells*, No. 08-05294, 2009 WL 2137236

3

(E.D. Pa. July 15, 2009); *Allstate Ins. Co. v. Lombardi*, No. CIV.A. 02-1250, 2003 WL 21666090 (E.D. Pa. July 17, 2003), *aff'd*, 142 F. App'x 549 (3d Cir. 2005); *State Farm Mut. Auto. Ins. Co. v. Martin*, 660 A.2d 66 (Pa. Super. Ct. 1995).[2]

Allstate's characterization of Pennsylvania law on bad faith is incomplete. Supporting authority, though highly relevant, does not automatically defeat a bad faith claim. This was made clear by *J.H. France Refractories Co. v. Allstate Insurance Co.*, 534 Pa. 29, 626 A.2d 502 (1993). There, the Pennsylvania Supreme Court found that Allstate had not acted in bad faith in denying coverage where it had relied on an "excessive pluralism and disparity . . . in the decisions of the many courts which ha[d] entertained similar litigation." *Id.* at 44, 626 A.2d at 510. But the Court did not hold that the mere existence of disparate decisions precluded bad faith—instead, it took care to note both that it did "not regard the issues presented in this case as simple ones" and that each of the varying approaches other courts had taken "seem[ed] reasonable from some point of view." *Id.* Indeed, bad faith claims are highly "fact specific," *Mohney v. Am. Gen. Life Ins. Co.*, 116 A.3d 1123, 1131 (Pa. Super. Ct. 2015), and their touchstone—"reasonableness"—only "has meaning in the context of each case," *Muse v. W.C.A.B.*, 514 Pa. 1, 8, 522 A.2d 533, 537 (1987).

All the same, applying that more nuanced standard to the record here, I conclude that Allstate's initial decision not to provide coverage was reasonable. My analysis at the pleadings stage made clear that the coverage question in this case was not an easy one, as is true of the entire line of cases involving intentional or criminal acts and alcohol. *See Schonewolf*, 111 F. Supp. 3d at 623–26, 628–30. As to intentional acts, I noted that while the policy's exclusion of coverage for them was "broad," intoxication nevertheless "remains relevant to

---

[2] In its earlier letter brief, Allstate took an even stronger position, claiming (at 3) that the "*Wells* case alone is sufficient to establish the reasonableness of Allstate's interpretation."

4

intent" under *State Farm Fire & Casualty Co. v. Estate of Mehlman*, 589 F.3d 105 (3d Cir. 2009). 111 F. Supp. 3d at 628. Because the underlying complaint was "not clear" about Lagreca's level of intoxication, I found I could not "definitively" say that his acts were intentional. *Id.* And as to criminal acts, I found that the *mens rea* required for assault (Allstate's theory for applying the exclusion to Lagreca) could not be determined based solely on the pleadings. *Id.* at 629. Finally, my ultimate ruling denying Allstate's motion for judgment on the pleadings was couched in narrow terms, and invited Allstate to renew its motion as the facts of the underlying case emerged through discovery. *See id.* at 628–30. Though I did not find Allstate's position controlling, there was a substantial legal basis for it.[3] The conclusion I reached required a painstaking re-evaluation of earlier cases in light of the Third Circuit's decision in *Mehlman*, and was certainly a conclusion as to which reasonable minds could differ. In no sense could Allstate's denial of coverage be deemed arbitrary.

In opposition, Lagreca does not offer substantive arguments but instead argues summary judgment is premature, and so (unsurprisingly) cross-moves under Rule 56(d) for time to conduct discovery. He attaches in support his counsel's declaration listing materials he seeks to discover, which can be broadly summarized as documents involved in Allstate's handling of his and similar claims. Lagreca anchors these requests to his theory that Allstate could be liable if it made an "inadequate investigation or failed to perform adequate legal research concerning a

---

[3] As to the specific cases Allstate advances as its shield against bad faith liability—*Wells*, *Martin*, and *Lombardi*—I continue to find them instructive but not dispositive. *Wells* and *Martin* predated *Mehlman*, where the Third Circuit canvassed several Superior Court cases and held that under Pennsylvania law "situations may arise in which an insured's intoxication, particularly when combined with other factors, may call the insured's intent into question." 589 F.3d at 114; *cf. id.* (distinguishing *Martin* as a case where intent was clearer because there the "insured told police that he had aimed his truck at his wife"). And in *Lombardi*, the underlying complaint had an assault-and-battery count but no allegations of intoxication, and the court did not need to reach the intentional-act exclusion. 2003 WL 21666090, at *1, *3, *5. Nonetheless, taken in combination, these cases provided a substantial, reasoned basis for Allstate's position.

5

coverage issue." Lagreca Letter Br. 2 (quoting *Corch Constr. Co. v. Assurance Co. of Am.*, 64 Pa. D. & C. 4th 496, 516 (Ct. Com. Pl. 2003)). Specifically, Lagreca seeks to discover whether Allstate, prior to denying coverage, was aware of the decision in *Leroy v. Live Nation WorldWide Inc.*, No. 12-03397 (D.N.J. Dec. 4, 2013), which held that an identical policy covered acts similar to Lagreca's.

As to *Leroy*, Allstate's knowledge of the decision is simply irrelevant. That case focused on how to apply an exclusion for intentional torts in the context of a claim of self-defense on the part of the insured—it was not a case where the insured sought to avoid the exclusion because of profound intoxication. The June 2014 letter Allstate's counsel sent denying coverage (Dkt. 76-1) appropriately cited both *Martin* and *Lombardi*, demonstrating that Allstate engaged in a reasoned process before denying coverage. The most Lagreca can argue is that I reached a contrary conclusion on similar facts. On the record here, that does not suffice to convert Allstate's denial of coverage into an act of bad faith. In that regard, as the jurist who had to struggle with the issue at the declaratory-judgment stage, I am perhaps uniquely situated to evaluate just how close the question was. Suffice it to say that my decision requiring Allstate to defend gave its insured the benefit of *every* doubt.

On summary judgment, a non-movant who requests discovery must not only identify the information sought, but also show "how, if uncovered, it would preclude summary judgment." *Pa., Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (citation omitted). This Lagreca has failed to do. The most common formulation of the test for bad faith under Pennsylvania law remains that from *Terletsky*, which requires proof that (1) the insurer did not have a reasonable basis for denying benefits under the policy, and (2) the insurer knew of or

6

recklessly disregarded its lack of reasonable basis in denying the claim. 649 A.2d at 688.[4] The discovery sought by Lagreca would at most shed light on the second prong of the test—the specifics of what Allstate considered in ultimately denying coverage. Because I have determined as a matter of law that a reasonable basis for that denial existed, Lagreca's claim would fail regardless of what the requested discovery might reveal.

A strong remedy for bad faith is important because a denial of benefits or coverage is an "evasion of the spirit of the bargain" a carrier struck with its insured. *Rancosky*, 130 A.3d at 94. But on the facts here, Allstate's challenge to the limits of that bargain was entirely appropriate.

### B. Breach of Contract

Allstate also moves for summary judgment on Lagreca's breach of contract claim, contending Lagreca cannot prove damages, *see Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, ___ Pa.___, ___, 137 A.3d 1247, 1258 (2016). This argument certainly has force, because after I denied Allstate's motion for judgment on the pleadings, Allstate both paid for Lagreca's defense in the underlying suit and indemnified him. Lagreca offers no argument in response, and so I will also enter judgment in Allstate's favor on the contract claim.

---

[4] The Pennsylvania Supreme Court has not definitively ruled on the prevailing test for bad faith. *See Rancosky v. Washington Nat'l Ins. Co.*, 130 A.3d 79, 92 (Pa. Super. Ct. 2015). It has, however, granted *allocatur* in *Rancosky* to consider whether proof of an ill motive is a necessary element of a bad faith claim. 144 A.3d 926 (Pa. 2016) (mem.) (per curiam).

**IV.     Conclusion**

Allstate's Motion for Summary Judgment will be granted, Lagreca's Cross-Motion to Allow Time for Discovery will be denied, and Lagreca's bad faith and breach of contract claims will be dismissed.  An appropriate order follows.

/s/ Gerald Austin McHugh<br>United States District Judge